*E-Filed: May 22, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN RODGERS, | No. C13-03923 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| CHEVY'S RESTAURANTS, LLC, a Delaware limited liability company, d/b/a CHEVY'S; A.C.D. INVESTMENTS, INC., a California corporation; and DOES 1-10, Inclusive, | **[Re: Docket No. 17]** |
| Defendants. | |

Plaintiff John Rodgers sues Chevy's Restaurants, LLC and A.C.D. Investments, Inc. (collectively, "Defendants") for alleged denial of access under the Americans with Disabilities Act (ADA). Pursuant to General Order 56 and the operative Scheduling Order, the parties held a joint inspection but discovery is otherwise stayed, they engaged in mediation although the case did not settle, and Rodgers requested a case management conference, which the Court set for June 10, 2014. Concurrent with his request for a case management conference, Rodgers filed the instant motion for leave to file a first amended complaint ("FAC"). *See* Dkt. No. 17. Defendants did not respond to the motion.[1] The Court finds this matter suitable for determination without oral argument and vacates the hearing set for May 27, 2014. *See* Civil L.R. 7-1(b). Based on the moving papers and the record in this case, the Court GRANTS Rodgers' motion.

---

[1] Defendants did not oppose this motion or file a statement of nonopposition pursuant to Civil L.R. 7-3.

If more than 21 days have passed since a responsive pleading was served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *Id.* at 187.

Rodgers asserts that he has timely sought leave in good faith, Defendants will not be prejudiced, and amendment is not futile. The proposed FAC adds forty-two (42) alleged accessibility barriers revealed as a result of the joint inspection. Although the report on the joint inspection was completed in January 2014, Rodgers maintains he did not seek leave to amend sooner because he was confident the case would settle through mediation in April. When it became apparent mediation would be unsuccessful, Rodgers immediately sought a stipulation from Defendants, who failed to substantively respond over the course of a month. Thus, the Court finds that Rodgers has moved for leave to amend in good faith, without undue delay. Additionally, the Court does not believe that Defendants will be prejudiced by the amendment, and in any case, they have failed to meet their burden to show that it would. Finally, adding new alleged barriers discovered through the inspection that support Rodgers' denial of access claim is not futile. Accordingly, the four *Leighton* factors all weigh in Rodgers' favor.

The Court GRANTS the motion for leave to file the first amended complaint. Rodgers' shall file the FAC as attached to his motion within two (2) days from the date of this order. Defendants shall respond within fourteen (14) days of the filing of the FAC.

**IT IS SO ORDERED.**

Dated: May 22, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-03923 N**otice will be electronically mailed to:

Alana Rika Chimes     achimes@sheppardmullin.com, cstrand@sheppardmullin.com

Gregory F. Hurley     GHurley@sheppardmullin.com, cstrand@sheppardmullin.com, mchilleen@sheppardmullin.com

Irene Lenislav Karbelashvili     irene@irenelawoffice.com

Michael Chilleen     MChilleen@sheppardmullin.com, cstrand@sheppardmullin.com, strandc@gtlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**