United States District Court
For the Northern District of California

*E-Filed: February 24, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN RODGERS, | No. C13-03923 HRL |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, and** |
| CHEVYS RESTAURANTS, LLC dba CHEVY'S; et al., | |
| Defendants. | **(2) DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY** |
| _____ / | **[Re: Docket Nos. 40, 49]** |

John Rodgers sues Chevys Restaurants, LLC dba Chevy's and A.C.D. Investments, Inc. for denial of access under the Americans with Disabilities Act ("ADA"). On January 6, 2015, Defendants filed a motion for summary judgment. Dkt. No. 40. Plaintiff filed an opposition, Defendants filed a reply, and Plaintiff moved for leave to file a surreply. Dkt. Nos. 41, 48, 49. All parties have expressly consented to having all matters proceed before a magistrate judge. Based on the moving and responding papers, as well as the arguments presented at the hearing on February 24, 2015, the Court: (1) grants Defendants' motion for summary judgment; and (2) denies Plaintiff's administrative motion for leave to file surreply.

**BACKGROUND**

Plaintiff is a paraplegic who requires the use of a wheelchair. Plaintiff asserts that he visited the Chevy's Restaurant located at 3101 Garrity Way, Richmond, California, on three occasions.

Rodgers alleges that he encountered the following barriers during his visits: (1) lack of compliant path of travel that placed him in danger of cars backing out of parking spaces; (2) a narrow ramp with gaps and cracks that made it difficult for him to move forward and placed him in danger of losing his balance and injuring himself; (3) an uphill incline by the entrance that extended approximately 15 to 20 feet from the door to the curb, which placed him in danger of rolling off the curb; and (4) a heavy door, noncompliant tables, narrow aisles, a slope in front of the urinal, and a heavy restroom door.

In August 2013, Plaintiff filed suit alleging that certain architectural barriers to access exist at the Chevy's Restaurant. The first amended complaint (the operative complaint) asserts: (1) damages and injunctive relief for denial of full and equal access to public facilities in a public accommodation (Cal. Health & Safety Code § 19955; Cal. Civ. Code § 54 *et seq*.); (2) violation of the Unruh Act, Cal. Civ. Code §§ 51, 52, and the Americans with Disabilities Act as incorporated by Cal. Civ. Code § 51(f); and (3) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*.

Presently before the Court is Defendants' motion for summary judgment. Dkt. No. 40. Plaintiff filed an opposition, Defendants filed a reply, and Plaintiff moved for leave to file a surreply. Dkt. Nos. 41, 48, 49.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id*. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

## DISCUSSION

### I. MOTION FOR SUMMARY JUDGMENT

#### A. Americans with Disabilities Act Claim

"To prevail on a discrimination claim under Title III of the ADA, a plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodation by the defendant because of her disability." *Rush v. Denco Enters., Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012). Where a plaintiff alleges discrimination due to an architectural barrier, a plaintiff must show that the subject property presents an architectural barrier that is prohibited by the ADA. *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001).

"In enacting the ADA, Congress adopted two systems for regulating building accessibility—one to apply to facilities designed and constructed for occupancy before January 26, 1993, and one to apply to newly constructed or altered facilities." *Mannick v. Kaiser Found. Health Plan, Inc.*, No. C03-05905, 2006 WL 1626909, at *5 (N.D. Cal., June 9, 2006) (citing 42 U.S.C. § 12183(a)(1) and § 12182(b)(2)(A)(iv)). "Only newly-constructed or altered facilities must comply with the ADA Accessibility Guidelines ('ADAAG'), which were incorporated into the DOJ regulations as

Appendix A of 28 C.F.R. Part 36." *Id*. at \*13 (citing 28 C.F.R. § 35.151(c)). "When a facility is deemed 'altered,' the altered portion of the facility must be made accessible 'to the maximum extent feasible.'" *Id.*

Although the ADAAG does not apply to existing, unaltered facilities, the Guidelines do give a road map to help identify barriers in them. *Id*. at \*15 (citing *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1086 (D. Haw. 2000)). "The demand upon preexisting facilities that are not deemed altered is much less stringent. Existing facilities must remove architectural barriers to access only where such removal is 'readily achievable.'" *Id*. at \*13 (citing 42 U.S.C. § 12182(b)(2)(A)(iv)). "The term 'readily achievable' means 'easily accomplished and able to be carried out without much difficulty or expense.'" *Id*. at \*13 (citing 42 U.S.C. § 12181(9) & 28 C.F.R. § 36.304(a)). The factors to be considered in determining whether an action is readily achievable include: "(A) the nature and cost of the action . . . ; (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility; (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity." 42 U.S.C. § 12181.

The Ninth Circuit has not yet decided which party has the burden of proving that removal of an architectural barrier is readily achievable. Several district courts throughout the Ninth Circuit, however, have applied the burden-shifting framework articulated by the Tenth Circuit in *Colorado Cross Disability v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010-11 (C.D. Cal. 2014); *Johnson v. Beahm*, No. 11-CV-0294, 2011 WL 5508893, at \*2 (E.D. Cal. Nov. 8, 2011); *Sceper v. Trucks Plus*, No. Civ S-09-0801, 2009 WL 3763823, at \*3 (E.D. Cal. Nov. 3, 2009); *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1168 (S.D. Cal. 2006). In *Colorado Cross Disability*, the court held that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily

4

achievable." *Colo. Cross Disability*, 264 F.3d at 1006.  A plaintiff fails to meet his burden when he fails to suggest a concrete method of barrier removal, consider all statutory factors, or offer expert testimony. *See id.*; *Garthright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273-74 (11th Cir. 2006).  If the plaintiff makes this showing, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding [his] affirmative defense that a suggested method of barrier removal is not readily achievable." *Colo. Cross Disability*, 264 F.3d at 1006.

Here, Plaintiff argues that: (1) there are two abrupt vertical changes on the exterior accessible route that could be filled with concrete; (2) there is no directional or informational signage along the exterior route of travel, which be corrected by installing directional signage; (3) there is no telephone number or address posted on the tow-away sign, which could be corrected by adding this information; (4) the main customer entry/exit doors, the customer entry/exit doors to the lower seating area, and the new ADA entrance door close in less than three seconds, which could be corrected by adjusting their pressure; (5) there is a lack of accessible seating, which could be corrected by rearranging the seating areas; and (6) less than 5% of the left and lower seating areas are accessible, which could be corrected by adding ADA compliant tables.  Plaintiff submits a declaration by Bassam Altwal, which contains a list of barriers he asserts exist at the site.

As an initial matter, the submission of Altwal's declaration and the attached exhibits violates Federal Rule of Civil Procedure 26(a)(2)(B).  In the June 18, 2014 Scheduling Order, the Court set a deadline of October 17, 2014 for the designation of experts with reports.  Dkt. No. 33.  Plaintiff did not provide a written report containing Altwal's opinions to Defendants prepared and signed by Altwal by October 17, 2014.

Even if the Court were to take Altwal's declaration into consideration, Plaintiff has failed to meet his initial burden of production to present evidence that a suggested method of barrier removal is readily achievable.  Altwal's declaration contains only a list of barriers he argues exist at the site. Altwal offers no concrete solution for the removal of these barriers that is readily achievable. *See* Dkt. No. 42, 42-2.  Plaintiff offers only argument from counsel that the removal of six of the barriers is readily achievable.  Regarding these six barriers, Plaintiff fails to provide any evidence or argument concerning each of the factors that must be taken into account when determining whether

5

removal of the barrier is readily achievable. Dkt. No. 41, at 10. Plaintiff has not offered any evidence on the potential cost of removing any of the identified barriers, or the impact on the restaurant's operations.

First, Plaintiff argues that the readily achievable standard includes a "temporal element." In support of this proposition, Plaintiff cites *First Bank National Association v. F.D.I.C.*, 79 F.3d 362, 372 (3d Cir. 1996). *First Bank*, however, expressly declined to decide this issue. *See id.* ("At this time we will not decide the point from which compliance with the 'readily achievable' standard should be measured.").

Second, Plaintiff cites recommendations from the Department of Justice that organizations should conduct periodic self-assessments of their compliance with the ADA's barrier removal requirements. As Plaintiff recognizes, however, the Department of Justice has declined to establish any independent requirement for annual assessments or self-evaluations.

Third, Plaintiff argues that because Defendants have brought or plan to bring certain areas of the Chevy's Restaurant into compliance with the current ADA standards, Defendants "completely negate their prior argument that readily achievable is the only standard applicable to the subject Restaurant." Opp. at 10. Although Defendants have sought to upgrade the accessibility of the restaurant by ensuring that certain features are up to the current code, Plaintiff has not shown that this means that every feature of the restaurant must be brought to current standards. *See* ADA § 202.3 and ADA § 202.3 (Advisory) (covered entities permitted to limit the scope of an alteration to individual elements).

Accordingly, Plaintiff has failed to establish a violation of the ABA.

**B.     State Law Claims**

Plaintiff also asserts claims under the California Health & Safety Code § 19955 and California Civil Code §§ 51, 52, and 54 *et seq*. Jurisdiction over these claims is predicated on the Court exercising supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

A court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1996); 28 U.S.C. § 1367(c). In a Title III ADA action, a district court may properly decline supplemental jurisdiction over related state-law access claims once the ADA claim has been dismissed. *See Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 911 (9th Cir. 2011); *Wilson v. Costco Wholesale Corp.*, 426 F. Supp. 2d 1115, 1124 (S.D. Cal. 2006).

Here, because the Court grants summary judgment on the ADA claim, the Court has disposed of the claim over which it has original jurisdiction. Judicial economy, convenience, fairness, and comity do not weigh in favor of retaining jurisdiction over the state-law claims. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

## II. EVIDENTIARY ISSUES

### A. Plaintiff's Administrative Motion for Leave to File Surreply

Plaintiff has filed an administrative motion for leave to file surreply. The proposed surreply includes a surreply brief as well as a supplemental declaration by Altwal. In the supplemental declaration, Altwal expresses opinions that were not disclosed in the December 2013 report. These previously undisclosed opinions relate to the construction history of the Chevy's Restaurant, the cost of remediating the alleged barriers, and the current condition of the Chevy's Restaurant following recent accessibility upgrades. Defendants agreed not to object to Plaintiff's request to file a surreply because Plaintiff agreed to allow Defendants a one week extension to file their reply brief. After Plaintiff filed the proposed surreply and supplemental declaration, however, Defendants objected to Altwal's supplemental declaration.

"Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows: (1) If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion." Civ. L.R. 7-3(d).

7

1    Here, the filing of Altwal's supplemental declaration is improper.  First, Plaintiff attempts
2    submit new facts in support of the surreply, meaning that Defendants are unable to respond to this
3    new evidence.  This is equivalent to raising new facts in a reply brief, which is not permitted.  *See*
4    *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a
5    reply to a motion for summary judgment, the district court should not consider the new evidence
6    without giving the non-movant an opportunity to respond." (internal quotation marks and alterations
7    omitted)); *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted
8    that raising of new issues and submission of new facts in [a] reply brief is improper." (internal
9    quotation marks omitted)).  A court may strike new evidence raised for the first time in a reply.  *Roe*
10   *v. Doe*, No. C 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009).

11   Second, the submission of Altwal's supplemental declaration and the attached exhibits
12   violates Rule 26(a)(2)(B).  Under Rule 26(a)(2)(B), Plaintiff's expert disclosure "must be
13   accompanied by a written report—prepared and signed by the witness—if the witness is one
14   retained . . . to provide expert testimony in the case."  The report must contain, among other things,
15   "a complete statement of all opinions the witness will express and the basis and reasons for them."
16   *Id.*  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the
17   party is not allowed to use that information or witness to supply evidence on a motion, at a hearing,
18   or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).
19   "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any
20   information that is not properly disclosed."  *Goodman v. Staples The Office Superstore, LLC*, 644
21   F.3d 817, 827 (9th Cir. 2011).

22   In the June 18, 2014 Scheduling Order, the Court set a deadline of October 17, 2014 for the
23   designation of experts with reports.  Dkt. No. 33.  Plaintiff retained Altwal for the purpose of
24   offering exert testimony at trial.  In addition, Plaintiff did not submit a written report containing
25   Altwal's opinions to Defendants by October 17, 2014.  Therefore, Plaintiff may not introduce
26   Altwal's testimony at trial or use his opinions to oppose the motion for summary judgment.

27   In his surreply, Plaintiff argues that he should be excused from complying with Rule 26
28   because he provided to Defendants a site inspection report prepared by Altwal after the inspection

8

contemplated by this District's General Order 56.  Following the procedure in General Order 56, however, does not excuse a party from providing an expert report in compliance with Rule 26(a)(2)(B).  In addition, the site inspection report does not satisfy the requirements of Rule 26(a)(2)(B), because it does not include any proposed solutions, the estimated cost of those solutions, or the construction history.

In addition, Plaintiff argues that he could not have disclosed Altwal's opinions by the October 17, 2014 deadline because Altwal did not conduct a supplemental inspection of the Chevy's Restaurant until December 30, 2014.  However, Plaintiff should have, but did not, ask for an extension of time to provide an initial report.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming district court's exclusion of defendants' expert's opinion because "defendants could have issued a preliminary report to be supplemented after [plaintiff's] report had been modified or they could have asked for an extension of the discovery deadline"); *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (refusing to consider expert's report because it was filed one-and-a-half months late and plaintiff could have asked for an extension of time).

Defendants would be prejudiced by the admission of Altwal's supplemental declaration into evidence.  Defendants have not had the opportunity to respond to the evidence and argument that Plaintiff raises for the first time on surreply to Defendants' motion for summary judgment.  Defendants have opted not to depose Altwal.  Moreover, Defendants were not given enough information to be able to decide whether they should retain a rebuttal expert.

Plaintiff's administrative motion for leave to file surreply is denied because Plaintiff impermissibly attempts to present new evidence and expert opinion in the surreply and Altwal's accompanying supplemental declaration.

### B. Plaintiff's Objections to Defendants' Evidence

Plaintiff objects to Victor Nelson's Declaration and Summer DePhillips's Declaration.  In ruling on Defendants' motion for summary judgment, the Court does not reply on Nelson's or DePhillips's Declarations.  Accordingly, Plaintiff's objections are overruled as moot.

**CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment on the ADA claim is granted. The state law claims are dismissed without prejudice.

Plaintiff's administrative motion for leave to file surreply is denied.

**IT IS SO ORDERED.**

Dated:  February 24, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-03923 HRL Notice will be electronically mailed to:**

Alana Rika Chimes     achimes@sheppardmullin.com, cstrand@sheppardmullin.com

Bradley James Leimkuhler     bleimkuhler@sheppardmullin.com

Gregory F. Hurley     GHurley@sheppardmullin.com, cstrand@sheppardmullin.com, lhall@sheppardmullin.com, mchilleen@sheppardmullin.com

Irene Lenislav Karbelashvili     irene@irenelawoffice.com

Michael Chilleen     MChilleen@sheppardmullin.com, cstrand@sheppardmullin.com, strandc@gtlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**